UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

       -against-                      MEMORANDUM AND ORDER
                                      17-CR-0372(JS)(GRB)
LAWRENCE ISEN,

                Defendant.
----------------------------------X
APPEARANCES
For the Government: Whitman G.S. Knapp, Esq.
                    Kaitlin T. Farrell, Esq.
                    Matthew Miller, Esq.
                    United States Attorney's Office
                    271 Cadman Plaza East
                    Brooklyn, New York 11201

For the Defendant:  John F. Kaley, Esq.
                    Doar Rieck Kaley & Mack
                    217 Broadway, Suite 707
                    New York, New York 10007

SEYBERT, District Judge:

        Defendant Lawrence Isen moves to sever his upcoming trial from remaining co-defendants Jeffrey Chartier and Stephanie Lee. (Mot., D.E. 425; Letter Mot., D.E. 603.)[1] The Government opposes the request. (Opp., D.E. 606.) For the following reasons, Defendant's motion is DENIED.

        The Court presumes the parties' familiarity with the facts and procedural history of this case. Isen argues that the

---

[1] After Isen filed his initial motion, the Government filed a Superseding Indictment on August 5, 2019. (Superseding Indictment, D.E. 465.) The Court's discussion is limited to the operative Superseding Indictment.

defendants are improperly joined under Federal Rule of Criminal Procedure 8(b) and that Isen will suffer substantial prejudice if tried alongside Chartier and Lee under Federal Rule of Criminal Procedure 14(a). (Mot. at ¶ 3; Letter Mot. at 1.) He contends that "the charges against him ha[ve] nothing to do with the charges against Chartier and Lee" and that "the activities as to each stock are discrete and different and do not overlap (other than for the defendant [Erik] Matz's involvement [in promoting the stocks])." (Letter Mot. at 1, 2.)

Under Rule 8, defendants may be jointly charged "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "[J]oinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants or arise out of a common plan or scheme." United States v. Rittweger, 524 F. 3d 171, 177 (2d Cir. 2008) (internal quotation marks and citations omitted). Whether joinder is proper "must be determined on a case-by-case basis" and using "commonsense." Id. at 177-78. The Court must consider whether "joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice." Id. at 177.

"The Supreme Court has expressed a strong preference in the federal system for joint trials of defendants who are indicted

2

together to promote efficiency and serve the interests of justice by preventing the inequity of inconsistent verdicts. Indeed, a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Shkreli, 260 F. Supp. 3d 247, 252-53 (E.D.N.Y. 2017) (internal quotation marks and citations omitted). Additionally, because Rule 8(b) "authorizes some prejudice against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice." United States v. Amato, 15 F.3d 230, 237 (2d. Cir. 1994) (internal quotation marks and citations omitted).

In this securities fraud conspiracy case, the Court finds that joinder is proper. The Government avers that "[t]here are substantial overlapping witnesses against Chartier, Lee and defendant Isen, including numerous victims [traveling from all over the country to testify] who each fell prey to all three defendants' schemes by investing in the stocks the defendants hired the Boiler Room to promote." (Opp. at 2.) Cooperating witness Erik Matz and numerous law enforcement witnesses will also overlap. In addition to the Matz promotion connection, the Government intends to "show at trial that Isen engaged in dozens of phone

3

calls with Chartier and Lee during the time period of the charged conspiracy." (Opp. at 3.)

Isen can be differentiated from co-defendant Michael Watts, who was tried separately.[2] The Superseding Indictment alleges that defendants, working with others, defrauded investors in several Manipulated Public Companies. (Superseding Indictment ¶ 31.) Watts' involvement was limited to his own company's single stock, HECC, and he sustained his own major financial losses in connection with the stock. Isen, on the other hand, was allegedly actively involved in the manipulation of HECC and ICEIF stock, and according to the Government, had repeated communication with Chartier and Lee during the relevant period. While Chartier and Lee are alleged to have operated on different stocks--NWMH and CESX--the methods and practices used by all three defendants were similar and emanated from "the Boiler Room." (Superseding Indictment ¶¶ 1, 31.)

Upon review of the Superseding Indictment and the Government's recent statements in opposition, the Court finds that severance is not warranted, and the Court is confident that the jury will be able to properly consider the evidence against Isen in conjunction with the evidence against Chartier and Lee.

---

[2] As the parties are aware, Watts was separately tried by jury in October 2019 and convicted of all counts. (See, Jury Verdict, D.E. 584, at 1-3.)

Defendant's arguments regarding CJA resources and his new indictment do not alter the Court's conclusion.

## CONCLUSION

For the foregoing reasons, Defendant's motion to sever (D.E. 425, D.E. 603) is DENIED in its entirety. Defendant's request for a 60-day adjournment (Reply, D.E. 614, at 4; Letter, D.E. 616) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  17 , 2019
       Central Islip, New York