

U.S. Department of Justice

United States Attorney
Eastern District of New York

WK:KTF
F. #2018R00889

271 Cadman Plaza East
Brooklyn, New York 11201

February 3, 2020

BY ECF AND HAND-DELIVERY

The Honorable Joanna Seybert
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

        Re:    United States v. Jeffrey Chartier, et al.
              Criminal Docket No. 17-372 (S-3) (JS)

Dear Judge Seybert:

        The government moves in limine to preclude the defendant Jeffrey Chartier (and, to the extent applicable, the defendant Lawrence Isen) from asserting an advice-of-counsel defense at trial. The government learned for the first time today that Chartier intends to do so. Setting aside the lack of adequate notice, in order to raise the affirmative defense of advice of counsel the law requires a defendant to make a preliminary factual showing which Chartier has failed make. Thus, Chartier should be precluded from asserting an advice-of-counsel defense at trial, and, in particular, from referring to such a defense during opening statements, because he has failed to identify any basis for such a defense.

I.    Background

        The defendants have had ample time to raise affirmative defenses and provide the related discovery and pretrial notices. For the past two and-a-half years, each of the government's more than two dozen discovery letters have requested reciprocal discovery from the defendants. See, e.g., July 28, 2017 Discovery Letter (Dkt. No. 95) at 3 (requesting reciprocal discovery). Most recently, the Court ordered the defendants to file their proposed jury charge no later than January 10, 2020. See Jan. 3, 2020 Order of the Court. However, 24 days have passed since that deadline, and the defendants have ignored the Court's order and chosen to withhold their filing of any objections to the government's proposed jury charge, Notably, they made the decision to forebear, in violation of the Court's Order from filing proposed jury charges of their own—which, presumably, would have included a proposed instruction on good-faith or advice-of-counsel defenses, and thus notified the government that an advice-of-counsel defense was in the works.

It was only today, for the first time, that the government received any indication that Chartier would seek to assert a good-faith or advice-of-counsel defense. This morning, before voir dire commenced, the defendant Jeffrey Chartier's counsel asked the Court to add two attorneys' names to the list of potential witnesses who may be mentioned at trial. At the next break, the government asked counsel for Chartier whether they intended to raise an advice-of-counsel defense, since that seemed to be the only relevance of adding the two lawyers' names to the list of names to be read to prospective jurors. Mr. LaRusso responded, in sum and substance, that Chartier intends to raise a good-faith defense and that part of that will include proof that Chartier relied on information provided to him and others by attorneys. There was no more specificity provided regarding the intended defense.

II.     Argument

Chartier has failed to identify any basis for an advice-of-counsel defense or otherwise to comply with his discovery obligations, Chartier should be precluded from raising an advice-of-counsel defense at trial, including: (1) referring to that defense in opening statements, (2) attempting to shoehorn the defense in through improper cross-examination of the government's witnesses, (3) eliciting hearsay testimony regarding purported attorney statements, and (4) seeking a jury instruction on the defense.

The affirmative defense of advice of counsel is a more specific form of the defense of good faith, available in limited circumstances in which a good faith instruction may otherwise be applicable. See Sand, Modern Federal Jury Instructions, Instruction 8-04. It "is not a free-standing defense." United States v. Van Allen, 524 F.3d 814, 823 (7th Cir. 2008) (internal quotation marks omitted).

In order to establish a colorable advice-of-counsel defense, the burden is on the defendant to introduce evidence that: (1) before taking action in connection with the charged conduct, he "honestly and in good faith [sought] the advice of a lawyer as to what he may lawfully do"; (2) he "fully and honestly [laid] all the facts before his counsel"; and (3) he acted strictly in accordance with the advice of his counsel. United States v. Evangelista, 122 F.3d 112, 117 (2d Cir. 1997) (internal quotation marks omitted); see also United States v. Colasuonno, 697 F.3d 164, 181 (2d Cir. 2012). The Second Circuit has repeatedly held the defense inapplicable when a party cannot satisfy all three elements. See, e.g., Colasuonno, 697 F.3d at 181 (affirming the District Court's decision to reject an advice-of-counsel defense where the defendant failed to fully disclose all relevant facts); see also Evangelista, 122 F.3d at 117 (affirming denial of instruction, as defendants did not satisfy the third prong of the test); United States v. King, 560 F.2d 122, 132 (2d Cir. 1977) (affirming the district court's decision to preclude an advice-of-counsel defense because (1) the defendant acted before asking counsel for advice, and so could not have possibly relied on it and (2) the defendant failed to disclose all relevant facts to counsel); United States v. Quinones, 417 F. App'x 65, 67 (2d Cir. 2011) (affirming denial of instruction and order precluding defense from arguing advice-of-counsel in summation; "defendants are not entitled to such an instruction unless there are sufficient facts in

the record to support the defense," and "the defendants [in this case] have not shown the required factual predicate for an advice-of-counsel defense"). "[N]o [defendant] can willfully and knowingly violate the law and excuse himself from the consequences thereof by pleading that he followed the advice of counsel." United States v. Beech-Nut Corp., 871 F.2d 1181, 1195 (2d Cir. 1989) (quoting Williamson v. United States, 207 U.S. 425, 453 (1908)).

Chartier has proffered no evidentiary basis to warrant an advice-of-counsel defense as to any of the charged conduct in the Superseding Indictment.

First, Chartier has proffered no evidence that he consulted any attorney before or after engaging in the charged conduct about the legality of his actions. See, e.g., United States v. Al-Shahin, 474 F.3d 941 (7th Cir. 2007) (affirming denial of advice-of-counsel instruction where defendants did not even contact their attorney until after taking the action that constituted criminal conduct). While it is clear that attorneys were involved in taking the companies CESX and NWMH public, there is no evidence that they rendered legal advice to Chartier in any sort of personal capacity or that Chartier "honestly and in good faith [sought] the advice of a lawyer as to what he may lawfully do." It therefore does not appear that Chartier can meet even the first prong of the advice-of-counsel defense for the charged conduct.

Second, Chartier cannot proffer evidence to show that he went to any attorney in a good-faith attempt to accomplish the conduct at issue in a lawful manner. As the conduct at issue was a scheme to control and artificially manipulate stock prices, it defies credulity that any attorney would have been consulted about such conduct or could have advised that such conduct was lawful. See Beech-Nut Corp., 871 F.2d at 1195 (a defendant cannot willfully violate the law and "excuse himself from the consequences thereof by pleading" that he or she followed the advice of an attorney).

Chartier also must show that there is a factual basis for the other prongs of the good faith defense, including that he received specific legal advice from an attorney with respect to the criminal conduct charged in the Superseding Indictment, and that he followed such advice. Notably, in addition to withholding from the government any indication that an advice-of-counsel defense would be offered, Chartier has not: (1) identified the attorneys from whom he sought advice about the criminal conduct charged in the Superseding Indictment, (2) waived the attorney-client privilege, or (3) provided the relevant documents that reflect the relied-upon advice.

In light of the fact that there is no factual basis for the advice-of-counsel defense that we have now learned Chartier seeks to pursue, evidence and argument in support of an advice-of-counsel defense should be excluded from trial. This is because, as courts have routinely recognized, to permit testimony about attorneys where a defendant cannot meet his or her burden to provide a factual basis for the defense is both "legally inappropriate and likely to mislead a jury." United States v. Atias, 14-CR-403 (DRH), 2017 WL 563978, at *2 (E.D.N.Y. Feb. 10, 2017) (defendant not permitted to introduce evidence at trial in furtherance of advice-of-

counsel defense in connection with specific attorneys who defendant failed to demonstrate provided advice on charged conduct). As discussed at length in S.E.C. v. Tourre, 960 F.Supp.2d 666 (S.D.N.Y. 2013)—a case where a defendant chose not to pursue an advice-of-counsel defense but nonetheless sought to introduce evidence related to the role of attorneys in the relevant transactions—the unfettered introduction of such evidence where no viable advice-of-counsel defense exists is both legally improper and can cause jury confusion and prejudice to the government:

> [G]iven [the defendant's] concession that he will not be able to prove the required elements of a reliance on advice of counsel defense[, i]t would be confusing and unduly prejudicial for [the defendant] to present extensive evidence on the presence and involvement of lawyers—who are presumably paid to ensure that any disclosures comply with the relevant legal requirements—while at the same time professing not to have relied on their advice in preparing or disseminating those disclosures. Much of that testimony would also be irrelevant, given [the defendant's] intention not to present a reliance on counsel defense. [The defendant] argues that the presence of lawyers is relevant to the overall context of the transaction, but that is such a fine-grained distinction from a reliance on counsel defense, that it would likely confuse the jury. A lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly "blessed" the legality of all aspects of a transaction. Likewise, the fact that lawyers saw and commented on disclosure language could be understood as "blessing" the sufficiency of that disclosure. This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.

Id. at 684 (placing severe restrictions on the defendant's ability to refer to the role of attorneys in relevant transactions in the absence of a viable advice-of-counsel defense).

The same concerns that animated the decision in Tourre are present here. Since Chartier has proffered no basis on which he may advance any advice-of-counsel defense, evidence of the involvement of other attorneys or advice received in connection with other conduct would be not only irrelevant and inadmissible, but also extremely confusing to the jury and prejudicial to the government. Such evidence or argument would be inadmissible, and is likely to confuse the jury or cause it to improperly conclude that those other attorneys "implicitly or explicitly 'blessed' the legality" of charged conduct for which Chartier could not otherwise advance an advice-of-counsel defense. Id. at 684.

Hon. Joanna Seybert
February 3, 2020
Page 5

        Chartier has not, and, the government submits, cannot, establish the prima facie showing required to assert an advice-of-counsel defense here. Moreover, even if Chartier could colorably assert this defense—which he cannot—he has failed to satisfy the necessary disclosure obligations regarding this defense. The government, therefore, respectfully requests that the Court preclude Chartier (and, to the extent applicable, Isen) from raising an advice-of-counsel defense at trial.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

                By:       /s/
                      Whitman G.S. Knapp
                      Kaitlin T. Farrell
                      Assistant U.S. Attorneys
                      (718) 254-6107/6072

c.c.:    Clerk of the Court (JS) (by ECF)
        Robert LaRusso, Esq. (by ECF)
        John F. Kaley, Esq. (by ECF)