

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WK/KTF
F. #2018R00889

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 3, 2020

BY ECF

The Honorable Joanna Seybert
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Jeffrey Chartier, et al.
      Criminal Docket No. 17-372 (S-3) (JS)

Dear Judge Seybert:

    The government submits this letter to: (1) preclude any purportedly expert testimony of Ronald Filante, the individual noticed by defendant Lawrence Isen (see February 24, 2020 Isen Letter ("Isen Let.), ECF Dkt. No. 748): and (2) seek the Court's order that Isen provide to the government the summary charts prepared by Filante no later than 12:00 noon today –Tuesday, March 3, 2020.

  I. Background

    In his recent letter, Isen has specified that:

> among other things, Filante is expected to provide expert testimony regarding the following topics: (a) the functioning of companies that trade Over-the-Counter markets and the importance to those companies of building a shareholder base and maintaining active trading, (b) reasons that small emerging companies might fail, independent of the effects of public trading, (c) the effects of external factors on price fluctuation in stock prices, (d) how trading works in Over-The-Counter markets, (e) the ability of individuals to manipulate the market for a given security, and (f) the application of the above to the securities of HECC and ICEIF.

Isen Let. at 2. Isen proffered that, "in large part," Filante's testimony "will be that of a summary fact witness, pursuant to Federal Rule of Evidence 1006, in connection with which he is expected to summarize trading activity, price and volume of the publicly traded stock of HECC and ICEIF." Id.

Hon. Joanna Seybert
March 3, 2020
Page 2

At the time that the notice was provided, more than a week ago (but nonetheless after the start of trial), Filante was "preparing summary charts pursuant to Federal Rule of Evidence 1006," which Isen indicated would be provided to the government only once they were finalized.  Id.  Despite the government's repeated requests, Isen has refused to provide the government with drafts of Filante's charts, and has indicated that he will not turn over any charts until after the government's expert witness, Deborah Oremland, has testified.

II.  Law

Federal Rule of Evidence 702 provides the requirements for expert testimony:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The proponent of expert testimony "has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007).

It is up to the district court to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007) (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993)).  Daubert "enumerated a list of additional factors bearing on reliability that district courts may consider: (1) whether a theory or technique has been or can be tested; (2) "whether the theory or technique has been subjected to peer review and publication;" (3) the technique's 'known or potential rate of error' and 'the existence and maintenance of standards controlling the technique's operation;' and (4) whether a particular technique or theory has gained general acceptance in the relevant scientific community."   Williams, 506 F.3d at 160.

Expert testimony also is subject to Rule 403, and should be excluded where it is unduly "prejudicial, confusing, and misleading to the jury within the meaning of Rule 403." Nimely v. City of New York, 414 F.3d 381, 398 (2d Cir. 2005).

Hon. Joanna Seybert
March 3, 2020
Page 3

With regard to expert testimony that is based upon experience, "the witness must explain how that experience leads to the conclusion reached . . . reliably applied to the facts.   The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Thomas v. City of Chattanooga, 398 F.3d 426, 432 (6th Cir. 2005) (quoting Fed. R. Evid. 702, Advisory Committee Note).   In other words, expert opinions are inadmissible if based on speculative assumptions.   See Daubert, 509 U.S. at 589-590 (noting that "knowledge" within the meaning of Rule 702 means more than subjective belief and unsupported speculation); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 157 (1999) (noting that "[o]pinion evidence that is connected to existing data only by the ipse dixit of the expert" should not be admitted).

III. Argument

For the reasons discussed below, the government respectfully requests that the Court preclude any purportedly expert testimony of Ronald Filante.

A. Topics Not Relevant or Appropriately the Subject of Expert Testimony

Most of the topics on which Isen seeks to have Filante testify as an expert are not relevant to this case and are not appropriately the subject of expert testimony in any event. Specifically, "(a) the functioning of companies that trade Over-the-Counter markets and the importance to those companies of building a shareholder base and maintaining active trading," "(b) reasons that small emerging companies might fail, independent of the effects of public trading" and "(c) the effects of external factors on price fluctuation in stock prices" are broad and unconnected to whether Isen or his co-defendant Jeffrey Chartier, engaged in the criminal conduct—including securities fraud conspiracy, wire fraud conspiracy, money laundering conspiracy and obstruction of an official proceeding—charged in the superseding information.

While Isen appears to be seeking to offer through expert testimony alternative explanations as to why HECC and ICEIF failed that are not securities-fraud related, this endeavor is a red herring that is likely to mislead the jury.   In this case, the jury will be asked to decide whether the defendant lied or omitted material information in connection with the purchase or sale of a security—not the causes of HECC's and ICEIF's failures.   For example, whether or not maintaining active trading is *generally important* to microcap companies is not relevant here—what matters in this case is whether it mattered to HECC and ICE, specifically, to maintain active trading.   Filante has no personal knowledge of this.   Moreover, the salient question in this case is whether the "active trading" purportedly sought by Isen for HECC and ICEIF was procured by fraud.   As another example, general reasons as to why small companies might fail independent of the effects of public trading is wholly irrelevant.   Again, the only companies that matter (at least with respect to Isen) are HECC and ICEIF, about which Filante has no personal knowledge, and this case is about whether Isen manipulated those companies' stock prices, not the root causes of their failures.   Similarly, any general "external factors on price fluctuation in stock prices" are irrelevant where, as alleged and established here, victims would not have purchased the stock but for the defendant's fraud.

Hon. Joanna Seybert
March 3, 2020
Page 4

        To present "expert" testimony on these topics would lead to jury distraction and confusion.   The proffered topics are not relevant to the charges, and are not appropriately within the ambit of expert testimony.

        **B.**  Opinions Not Disclosed

        Notably, in addition to proposing that Filante testify about irrelevant topics, Isen withholds even so much as a hint as to what Filante's opinion might be on these subjects. "Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions."   United States v. Valle, No, 12–CR–847, 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013); see also United States v. Mahaffy, No, 05–CR–613, 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (Glasser, J.), (excluding testimony "because the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the witness on these topics").

        **C.**  Rule 702 Admissibility Requirements Not Established

        Beyond the factors listed above, Filante's resume and such other information provided about him by Isen does not indicate that Filante is an expert by knowledge, skill, experience, training, or education, or if: (a) Filante's particular scientific, technical, or other specialized knowledge would help the jury to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) that Filante has reliably applied the principles and methods to the facts of the case.

        Ultimately, "expert" testimony is neither necessary nor the proper basis for serving as a summary fact witness (a role Isen has clearly and unequivocally indicated Filante will play) or preparing summary charts.   If Filante is being offered mostly for these purposes, as stated in the Isen Letter, then he need not be qualified as an expert.   Indeed, absent the disclosure of additional information, Filante should *not* be qualified as an expert lest that qualifying process give the jury the misimpression that he is doing anything other than summarizing evidence.

        Regardless, for the government to be able adequately to review the summary evidence Filante will present, and to prepare for the testimony he will give, the government

Hon. Joanna Seybert
March 3, 2020
Page 5

respectfully requests that the Court order Isen to provide the government with all summary charts—or draft charts—prepared by him no later than 12:00 noon today.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____/s/_____
Whitman G.S. Knapp
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-6107/6072

c.c.:   Clerk of the Court (JS) (by ECF)
        Robert LaRusso, Esq. (by ECF)
        John F. Kaley, Esq. (by ECF)